# **EXHIBIT E**

EFILED LUCAS COUNTY
06/12/2020 02:59 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 54948

COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | |
|---|---|
| JOHN DOE, on behalf of himself and all others similarly situated<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH 44114<br><br>Plaintiff<br><br>vs.<br><br>PROMEDICA HEALTH SYSTEM, INC.<br>c/o CT Corporation System, Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>Defendant | CASE NO.<br><br>JUDGE<br><br>**G-4801-CI-0202002321-000**<br>**Judge**<br>**STACY L. COOK** |

**PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYMS OR,
IN THE ALTERNATIVE, FOR IMPOUNDMENT OF HIS NAME AND
OTHER PERSONALLY IDENTIFIABLE INFORMATION**

Plaintiff John Doe respectfully requests the Court permit him to proceed in this action under a pseudonym.[1]

The decision of whether to permit a party to proceed under a pseudonym rests in the trial court's discretion. *Doe v. Bruner*, No. CA2011-07-013, 2012-Ohio-761, ¶ 8 (12th Dist. Feb. 27, 2012). Because it was the only Ohio appellate court to have addressed the issue, the *Bruner* Court applied the Sixth Circuit's law on topic. *Id.* at ¶ 4.

---

[1] Plaintiff will, of course, reveal his identity and all relevant personally identifiable information to Defendant. He will also seek Defendant's consent to proceed under pseudonym.

The Sixth Circuit requires that, for a party to proceed under a pseudonym, the plaintiff's privacy interest must substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). To conduct this analysis, the court looks at four factors, though those factors are not exhaustive. *Id*. The factors are as follows: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental legitimacy; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id*.

While Plaintiff is not a child seeking to challenge governmental action or at risk of criminal prosecution, at its core, this is a case about an individual's right to privacy. It involves Defendant's systematic violation of its patients' fundamental, common law rights to privacy and seclusion through its electronic dissemination of private medical information that includes their patient status and the contents of their communications with medical providers without their knowledge or consent. Indeed, the core of Plaintiff's claim is that Defendant engaged in an "unauthorized, unprivileged disclosure to a third party of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship." *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395, 401 (Ohio 1999).

The very nature of this case provides the good cause to grant leave to file under a pseudonym and to impound all other personally identifiable information of the Plaintiff in this case. To do otherwise would lead to the absurd result that, in order to effectively vindicate one's fundamental privacy rights, one must first be willing to eviscerate them. To that end, Plaintiff's request is narrowly tailored. He does not seek to have these proceedings sealed. Rather, Plaintiff

asks only that his own name and other personally identifiable information be protected from public disclosure. All other filings in the case would remain open to public view.

Plaintiff believes that filing under a pseudonym would be the most effective and efficient method for the Court to protect his identity and data from further disclosure. In the alternative, Plaintiff requests an order of impoundment that permits and directs counsel to redact all portions of all publicly filed documents that contain his name or other personally identifiable information.

Respectfully submitted,

*/s/ Stuart E. Scott*
Stuart E. Scott (0064834)
Kevin C. Hulick (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
sscott@spanglaw.com
khulick@spanglaw.com

Mitchell Breit (*pro hac vice* to be submitted)
Jason 'Jay' Barnes (*pro hac vice* to be submitted)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016-7416
(212) 784-6400
(212) 213-5949 (FAX)
mbreit@simmonsfirm.com
jaybarnes@simmonsfirm.com

***Counsel for Plaintiff and the Proposed Class***

3