IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, on behalf of themselves and all others similarly situated<br><br>Plaintiff<br><br>v.<br><br>PROMEDICA HEALTH SYSTEMS, INC.<br><br>Defendant | CASE NO. 3:20-CV-01581<br><br>JUDGE JACK ZOUHARY |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY BRIEF**

Plaintiff John Doe moves this Court for leave to file a reply to its Motion to Remand. Doc. 14. On September 4, 2020, Defendant ProMedica Health Systems, Inc. filed its response in opposition. Doc. 15. The response included five exhibits. *See* Docs. 15-1 – 15-5. As these exhibits constitute new evidence not previously before the Court, Plaintiff requests leave to file a modest reply brief. A proposed reply is attached hereto as **Exhibit 1**.

The decision of whether to grant additional briefing is within the Court's discretion. *See Key v. Shelby County*, 551 F.App'x. 262, 264 (6th Cir. 2014) (discussing trial court's authority to grant leave to file a sur-reply). A trial court has the "inherent authority to manage its docket." *Cutlip v. Norfolk Southern Railway Company*, No. 3:17-cv-961, 2017 WL 8676443, at *1 (N.D. Ohio Dec. 18, 2017). When dealing with sur-replies, the Sixth Circuit has held that leave is properly granted when a reply brief raises either new arguments or new evidence. *Key*, 551 F.App'x. at 262 (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). It is

important to note that *Key* dealt with leave to file a sur-reply, a type of brief not normally contemplated in briefing. Plaintiff is simply asking for a reply, a much more common type of brief, one routine in motion practice. Indeed, the Local Rules even contemplate reply briefs. *See* LR7.1(e).

Defendant's response introduces five new exhibits, which it should have properly included in its notice of removal. These documents include an Executive Order (Doc. 15-1), two Strategic Plans (Docs. 15-2, 15-5), a declaration from Defendant's Chief Information Officer (Doc. 15-3), and promotional material from a government agency (Doc. 15-4).

Generally, "[w]hen ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." *Gentek Bldg. Products, Inc. v. Sherwin Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). That said, courts may look beyond the pleadings. *Id*. In this case, based on Defendant's Notice of Removal, it appeared that Defendant would not be submitting additional evidence. Indeed, during the August 3, 2020 telephonic status conference, the Court set the pages limits at 15 pages for each side due, in part, to the short nature of Defendant's Notice of Removal and the fact that there were no exhibits.

Given the slight record, 15 pages per side was fair, but Defendant's inclusion of new evidence changes the facts on the ground, especially when Defendant has introduced evidence that Plaintiff cannot respond to without a reply. To deny Plaintiff a reply brief would deprive Plaintiff

an opportunity to respond to Defendant's evidence. Therefore, Plaintiff requests the opportunity to respond to the arguments Defendant raises related to that evidence. It does so in a modest reply.

Respectfully submitted,

*s/ Kevin C. Hulick*
STUART E. SCOTT (0064834)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*sscott@spanglaw.com*
*khulick@spanglaw.com*

MITCHELL BREIT (*pro hac vice*)
JASON 'JAY' BARNES (*pro hac vice*)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016-7416
(212) 784-6400
(212) 213-5949 (FAX)
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*

***Counsel for Plaintiff and the Proposed Class***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of September 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

*s/ Kevin C. Hulick*
STUART E. SCOTT (0064834)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*sscott@spanglaw.com*
*khulick@spanglaw.com*

MITCHELL BREIT (*pro hac vice*)
JASON 'JAY' BARNES (*pro hac vice*)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016-7416
(212) 784-6400
(212) 213-5949 (FAX)
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiff and the Proposed Class*