PLAINTIFF'S EXHIBIT A

| | | |
|---|---|---|
| JANE DOE, *on behalf of herself and all others similarly situated* | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR BALTIMORE CITY |
| MEDSTAR HEALTH, INC., *et al.* | * | CASE NO.: 24-C-19-000488 |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

For the reasons set forth in this Court's August 5, 2020 Memorandum Opinion, it is this 5th day of August, 2020

**ORDERED** that Defendants Medstar Health, Inc. and Medstar Good Samaritan's Motion to Dismiss (Docket Entry #5) be, and hereby is, **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that the Motion be, and hereby is, **GRANTED** as to Counts 4 and 5 and **DENIED** as to Counts 1, 2, and 3; it is further

**ORDERED** that Counts 4 and 5 be, and hereby are, **DISMISSED**.

Judge's Signature appears on the original document
Jeffrey M. Geller, Judge
Circuit Court for Baltimore City

| | | |
|---|---|---|
| JANE DOE, *on behalf of herself and all others similarly situated* | * | IN THE |
|     Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR BALTIMORE CITY |
| MEDSTAR HEALTH, INC., *et al.* | * | CASE NO.: 24-C-19-000488 |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This matter has come before the Court on Defendants Medstar Health, Inc. and Medstar Good Samaritan's Motion to Dismiss (Docket Entry #5). The Court has considered the briefs of the parties, oppositions, replies, and the oral argument of counsel, held on July 27, 2020.

### I. Background.

Plaintiff, Jane Doe, is a patient of Defendant, medical provider MedStar Health, Inc. ("MedStar"). MedStar is the owner and operator of hospitals and health care facilities, including MedStar Good Samaritan Hospital. MedStar has public websites that any individual can access to obtain information about general medical topics and information about MedStar and its facilities and services. Patients can also use MedStar's website to log in, access their private medical records, communicate with doctors, and schedule appointments. Plaintiff alleges that MedStar uses computer coding to disclose personally identifiable, private data related to patients' medical care to at least 23 different third parties, including, but not limited to Facebook, Google, LinkedIn, Twitter, and Pinterest. Plaintiff claims that MedStar disclosed: the URLs that Plaintiff visited; "search queries about specific doctors, medical conditions, treatments"; patients' clicks to "Search," "FindADoctor," "Login," or "Enroll" in MyMedStar (Medstar's online patient portal); "summaries of MedStar's responsive communications, the parties to all

1

communications at MedStar's web properties, and the existence of communications at MedStar's web properties."

Plaintiff raises five claims: 1) violation of the Maryland Wiretap Act, 2) intrusion upon seclusion, 3) publication of private facts, 4) breach of confidence, and 5) violation of the Consumer Protection Act. Plaintiff alleges that her data was disclosed without prior authorization, and that the disclosure of her data harms Plaintiff by invading her privacy and harming her property rights to her data. Plaintiff seeks general damages and economic damages for these harms. Additionally, Plaintiff pursues a theory of unjust enrichment for Defendant's profit from Plaintiff's data, as well as statutory damages.

## II. Applicable Law.

In deciding a Motion to Dismiss, the Court takes as true all well-pleaded allegations and reviews them in the light most favorable to the plaintiff. *Lloyd v. General Motors Corp.*, 397 Md. 108, 121 (2007). Although a court must assume the truth of all well-pleaded facts, dismissal is proper when the facts alleged, if proven, would fail to afford relief to the plaintiff. Md. Rule 2-322(b)(2); see also *Hogan v. Maryland State Dental Ass'n*, 155 Md. App. 556, 561 (2004). The facts as set forth in the complaint must be pleaded with "sufficient specificity; bald assertions and conclusory statements by the pleader will not suffice." *Sutton v. FedFirst Financial Corp.*, 226 Md. App. 46, 74 (2015) (quoting *RRC Northeast, LLC v. BAA MD, Inc.*, 413 Md. 638, 643 (2010)). Any ambiguity or uncertainty in the allegations is construed against the pleader. *Shenker v. Laureate Educ., Inc.*, 411 Md. 317, 335 (2009).

## III. Analysis.

In Count 1 of the Complaint, Plaintiff alleges that Defendants have violated the Maryland Wiretap Act, Md. Code Ann., Cts. & Jud. Proc. § 10-402. Maryland's appellate courts have not,

to this Court's knowledge, addressed wiretapping in the context of online data being intercepted and disclosed to third parties. This is apparent from the briefs of the parties, which look extensively to other jurisdictions for persuasive authority to assist in interpreting the Maryland statute.[1]

Despite the paucity of Maryland precedent, the Court feels that the plain language of the statute itself is straightforward and provides a legal foundation for Count 1 of the Complaint. The Maryland Wiretap Act provides as follows with respect to prohibited conduct:

> (a) Except as otherwise specifically provided in this subtitle it is unlawful for any person to:
> (1) Willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
> (2) Willfully disclose, or endeavor to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle; or
> (3) Willfully use, or endeavor to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subtitle.

Md. Code Ann., Cts. & Jud. Proc. § 10-402. The statute goes on to authorize a civil cause of action for any victim of the unlawful conduct:

---

[1] The Court finds the analysis in *Doe v. Virginia Mason Medical Center*, 2020 WL 1983046, No. 19-2-26674-1 (Kings County, WS Feb. 12, 2020) to be persuasive. In that matter, MedStar presented nearly identical arguments as Defendant in the instant case. The court rejected MedStar's arguments and distinguished that case from *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943 (N.D. Cal. 2017), noting that the *Smith* Plaintiffs "consented to Facebook tracking . . . and the allegations in this case are broader than sharing URL information only." *Virginia Mason* at 2. Similarly, in the instant matter, Plaintiff alleges to be a patient, that Defendant Medstar's information disclosures were executed without Plaintiff's knowledge, and that the disclosures were made to "at least 23 different third-party marketing firms." The *Virginia Mason* court noted that the case before it, as with the instant case, "involves the allegations of sharing data with more than Facebook and does not hinge on the relationship between the Plaintiff and Facebook." *Id.*

3

> (a) Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of this subtitle shall have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use the communications, and be entitled to recover from any person:
> > (1) Actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
> > (2) Punitive damages; and
> > (3) A reasonable attorney's fee and other litigation costs reasonably incurred.

Md. Code Ann., Cts. & Jud. Proc.§ 10-410. In the instant case, the Court finds that Plaintiff has sufficiently plead the elements of a Wiretap Act claim and that such a claim can be maintained by Plaintiff under the Act. The Court further finds that there are questions of fact as to whether Defendant's conduct constitutes an "interception," whether the types of data alleged to have been disclosed constitute "communications" and/or "disclosures," and whether Plaintiff consented to disclosure, thus rendering Defendant's conduct lawful under Md. Code Ann., Cts & Jud. Proc. § 10-402(e)(3).

Counts 2 and 3 of Plaintiff's Complaint assert privacy claims: invasion of privacy – intrusion upon seclusion (Count 2), and invasion of privacy – publication of private facts (Count 3). Intrusion upon seclusion is "the intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person." *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 163 (1986) (citing Restatement of Torts, 2d, § 652B). The parties disagree about the kinds of data that Defendant disclosed and whether that data is personally identifiable information. At this stage in the proceedings, and pursuant to a motion to dismiss, the Court assumes the truth of Plaintiff's allegations that Defendant provided express promises of privacy to patients, and that Defendant violated those promises by disclosing Plaintiff's data. Under these circumstances, dismissal of this claim is inappropriate as a

4

reasonable finder of fact could conclude that, if Plaintiff's disclosed data constitutes personally identifiable information, Defendant's disclosures are highly offensive.

Similarly, Defendant has failed to persuade the Court regarding Count 3 alleging disclosure of private facts. To sustain such a claim, Plaintiff must demonstrate that a party has publicized Plaintiff's "private life" and that the matter publicized "is of a kind which (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Furman v. Sheppard*, 130 Md. App. 67, 77 (2000). Private medical data is not of legitimate concern to the public, and again, assuming the allegations in the Complaint to be true, the data disclosed constitutes personally identifiable information; a reasonable fact-finder could conclude that Defendant's disclosures are highly offensive.

Count 4 of the Complaint alleges a claim for breach of a confidential relationship. Generally, there is no cause of action in Maryland offering relief for a breach of confidence claim involving a patient-provider relationship. Plaintiff likens her case to precedent that addresses confidentiality in the context of business relationships involving free competition and trade secrets, but the comparison is not persuasive. *See Space Aero Prods. Co. v. R. E. Darling Co.*, 238 Md. 93, 208 A.2d 74 (1965). In *Space Aero Prods. Co.*, the breaching party profited by replicating the non-breaching party's product, and the non-breaching party lost profits as a result. The Court in *Space Aero Prods. Co.* provided that compensatory damages are awarded unless they would be inadequate, in which case the Court will issue an injunction. Even assuming *arguendo* that there is a cause of action for a patient-provider relationship, Plaintiff has not demonstrated a monetary loss tied to the data itself, and the purpose of an injunction for this type of claim is meant to curb further economic loss, again not present here. *Id.* at 124. While

5

Plaintiff's other privacy tort claims may recognize general damages for the loss of privacy itself, the Court has no method to award her relief under a breach of confidence claim.

Finally, in Count 5, Plaintiff alleges a breach of the Consumer Protection Act. To establish a claim under the Consumer Protection Act, a consumer must state "an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresentation." *Lloyd v. GMC*, 397 Md. 108, 143 (2007). Although Plaintiff cites to cases from other jurisdictions, there is no basis in Maryland law to suggest that Plaintiff is entitled to claim a "privacy injury" under this cause of action. Any recovery for such an injury should be limited to Plaintiff's privacy tort claims. Additionally, Plaintiff argues that she is entitled to this cause of action because she can claim benefit of the bargain damages and unjust enrichment, but Plaintiff is not raising a breach of contract claim, and these are theories for damages under contract law.

## IV. Conclusion.

For the reasons set forth above, the Court will grant the Motion in part, dismissing Counts 4 and 5.

August 5, 2020
Date

Judge's Signature appears on the
original document
Jeffrey M. Geller, Judge
Circuit Court for Baltimore City

6