IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Doe,
*on behalf of themselves
and all others similarly situated*,

        Plaintiff,

   -vs-

ProMedica Health System, Inc.,

        Defendant.

Case No. 3:20 CV 1581

ORDER DENYING
MOTION TO REMAND

JUDGE JACK ZOUHARY

## INTRODUCTION

This case concerns whether Defendant improperly released Plaintiff's private information through its on-line healthcare records. The case was filed in Ohio state court, but removed by Defendant based on the federal officer removal statute (Doc. 1). Plaintiff now moves to remand, claiming that statute does not apply to the Complaint in this case (Doc. 14). Defendant opposes remand (Doc. 15).

This Court must satisfy itself that it does have jurisdiction, for, without it, it has no power to further act. The statute at issue is not often used for removal, and the Sixth Circuit has not addressed the issue in a like case. This Court's analysis follows.

## BACKGROUND

Plaintiff John Doe, a patient of Defendant ProMedica Health Systems, Inc. ("Defendant"), filed this class action alleging Defendant unlawfully disclosed confidential patient data to third-party

marketers (Doc. 14-2 at 2–3). Plaintiff alleges this data was taken from information provided through the "patient portal" of Defendant's online website (*id*).

Defendant responds that the creation of its patient portal was part of its participation in a federal program designed to increase use of electronic health records ("EHRs") (Doc. 15 at 6). The parties refer to this program by different titles used over the years; this Court will refer to the federal initiative by its current name, the Promoting Interoperability Programs ("PIP"). This initiative was rolled out in phases over the past 16 years, first conceptualized in a 2004 executive order that established the National Health Information Technology Coordinator, who was tasked with providing "leadership for the development and nationwide implementation of an interoperable health information technology infrastructure to improve the quality and efficiency of health care." Exec. Order No. 13,335, 69 Fed. Reg. 24,059 (Apr. 27, 2004). In 2009, these responsibilities were assigned to the Department of Health and Human Services ("DHHS"), specifically the newly created Office of the National Coordinator for Health Information Technology, which in turn was established by the Health Information Technology for Economic and Clinical Health Act (HITECH Act). 42 U.S.C. § 300jj-11. This Act created the Meaningful Use Program. 42 U.S.C. §§ 1395w-4(o), 1395ww(n); 42 C.F.R. § 495.2. Under this program, eligible healthcare providers received incentive payments from DHHS if they demonstrated "meaningful use" of certified EHR technology. 42 U.S.C. §§ 1395w-4(o), 1395ww(n); 42 C.F.R. § 495.2. The Centers for Medicare and Medicaid Services ("CMS"), tasked with administering the incentive payments, renamed the EHR Incentive Programs to PIP in April 2018. According to CMS, "[t]his change moved the programs beyond the existing

requirements of meaningful use to a new phase of EHR measurement with an increased focus on interoperability and improving patient access to health information."[1]

Defendant asserts that, in response to this federal program, it created an online patient portal where patients could access their electronic health records via ProMedica's website (Doc. 15 at 7–9). Therefore, they argue removal was proper under the federal officer removal statute. 28 U.S.C.1442(a)(1). Plaintiff requests a remand because Defendant has not met its burden (Doc. 14-1 at 4).

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994). On the issue of removal, the Sixth Circuit has held the party seeking removal "bear[s] the burden of establishing federal court jurisdiction." *Mays v. City of Flint,* 871 F.3d 437, 442 (6th Cir. 2017). *Mays* further held that generally, "removal statues are to be strictly construed, and all doubts should be resolved against removal." *Id.* (internal quotation omitted).

However, in this case, the doubt is not so easily resolved. The federal officer removal statute provides that an action may be removed where the action is "against or directed to … [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C.1442 (a)(1). However, *Watson v. Philip Morris Co*. held that the term "acting under" is "broad, and the statute must be liberally construed." 127 S. Ct. 2301, 2302

---

[1] *Promoting Interoperability Programs*, CENTERS FOR MEDICARE & MEDICAID SERVICES (Oct. 27, 2020), https://www.cms.gov/Regulations-and-guidance/Legislation/EHRIncentivePrograms/index?redirect=/EHRIncentiveprograms/

3

(2007) (internal quotation omitted). In order for a defendant to properly remove under this statute, defendant must show (1) "it is a 'person' . . . who acted under a federal officer"; (2) "it performed the actions for which it is being sued under color of federal office"; and (3) "it raised a colorable federal defense." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010). This Court will address each in turn.

### *Acting Under*

First, Plaintiff concedes that Defendant is a "person" within the meaning of the federal officer removal statute. (Doc. 14-1 at 4). The parties disagree as to whether Defendant was "acting under" a federal officer while performing the alleged conduct. "Acting under" is not defined in the statute, but whether this prong is satisfied hinges on the type of relationship between the party seeking removal and the federal government. *Watson* interpreted "acting under" to mean that the defendant seeking removal must be in a relationship with the federal government such that the government is functioning as the defendant's superior. 127 S. Ct. 2301 at 2307. That relationship "typically involves subjection, guidance, or control" and "must involve an effort to assist, or to help carry out, the duties and tasks of the federal superior." *Id.* "Mere compliance" with the law is not enough. *Id.*

Here, Defendant alleges they created the electronic-health-record patient portal primarily to assist the federal government in its mission for a nationwide system of electronic health records. In return, Defendant took advantage of federal incentives for setting up such a program (Doc. 15 at 7–9). As noted in the briefing, the facts of this case are strikingly similar to those in *Doe I v. UPMC,* which held a medical provider's participation in the Meaningful Use Program was sufficient to satisfy the "acting under" requirement necessary for the federal officer removal statute. 2020 WL 4381675, at *6 (W.D. Pa. 2020). There, the court found the participation in PIP was less like the "regulator-

4

regulated" relationship in *Watson* and more like a government-contractor relationship that would satisfy the "acting under" requirement. *Id.*

Likewise here, an iteration of the same federal program is at issue. The aim of PIP is to create a unified system of patient electronic health records. Because Defendant's participation assisted the federal government in achieving that goal, Defendant has satisfied the "acting under" prong.

### *Causal Nexus*

The second prong requires Defendant to demonstrate that the actions for which it is being sued were performed "under the color of federal office." *Bennett*, 607 F.3d at 1085. "To satisfy th[is] requirement, [the party seeking removal] must show a nexus, a 'causal connection' between the charged conduct and [the] asserted official authority." *Id.* at 1088 (quoting *Jefferson County v. Acker*, 527 U.S. 423, 431, (1999)). "The hurdle erected by this requirement is quite low." *In re Nat'l Prescription Opiate Litig.*, 327 F. Supp. 3d 1064, 1076 (N.D. Ohio 2018) (citation omitted).

Here, the claims alleged by Plaintiff implicate Defendant's electronic-health-record patient portal, and Defendant's handling of this electronic information is central to the claims in this case. Defendant alleges the patient portal was created directly in response to PIP (Doc. 15 at 7–9). As *UPMC* held, "There is plainly a connection or association between [the health care provider's] website management and marketing strategies and the Meaningful Use program, particularly the incentives that are tied to patient participation and usability." 2020 WL 4381675, at *6. So too here, Defendant has demonstrated that they have satisfied the causal nexus requirement.

### *Colorable Federal Defense*

The final prong requires that the party seeking removal show they have raised a colorable federal defense. *Bennett*, 607 F.3d at 1085. This too has been described as a "low bar" and merely requires Defendant's assertion on this point to be "defensive" and "based in federal law". *In re Nat'l*

5

*Prescription Opiate Litig.*, 327 F. Supp. at 1077 (citing *Mesa v. California*, 109 S. Ct. 959 (1989)). In the context of removal under the federal officer removal statute, the Sixth Circuit has stated that a colorable defense "need only be plausible." *Bennett*, 607 F.3d at 1089 (citations omitted). Defendant argues that it will raise preemption defenses, including Health Insurance Portability and Accountability Act ("HIPAA") (Doc. 15 at 13–15). A defense based on federal preemption of state law is sufficient to raise a colorable federal defense for the purposes of the federal officer removal statute. 2020 WL 4381675, at *7 (citing *In re Def. Ass'n of Philadelphia*, 790 F.3d 457, 473 (3d Cir. 2015); *Cessna v. REA Energy Coop., Inc*., 753 F. App'x. 124, 128 (3d Cir. 2018)). Without reaching the merits of these defenses, which would be improper at this stage, this Court notes that either defense would require the interpretation of federal law and are colorable on their face. Because of this, Defendant has met the third and final prong.

## CONCLUSION

Plaintiff's Motion to Remand (Doc. 14) is denied. This Court will next schedule a Case Management Conference with counsel completing a Report of the Parties' Planning Meeting in advance.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
    JACK ZOUHARY
    U.S. DISTRICT JUDGE

October 30, 2020

6