IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Doe, | Case No. 3:20 CV 1581 |
| Plaintiff, | ORDER DENYING<br>CERTIFICATION FOR APPEAL |
| -vs- | JUDGE JACK ZOUHARY |
| ProMedica Health System, Inc., | |
| Defendant. | |

### INTRODUCTION

In October 2020, this Court issued an Order denying Plaintiff's Motion to Remand (Doc. 18). Plaintiff moves to certify this Court's Order for interlocutory review (Doc. 20). Defendant opposes (Doc. 23).

Interlocutory appeals are typically disfavored, as "piecemeal" litigation "undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 (2009) (citations and quotation marks omitted). The Sixth Circuit has reiterated that interlocutory appeal is appropriate only in "exceptional cases." *Kraus v. Bd. of Cty. Road Com'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). The federal statute on interlocutory review lays out a three-factor test to determine whether such review is appropriate. It asks whether the issue (1) involves a "controlling question of law," (2) offers "substantial ground for difference of opinion" as to its correctness, and (3) if immediately appealed, would "materially advance the ultimate

termination of the litigation." 28 U.S.C. § 1292(b). The party seeking certification has the burden of satisfying each prong of the test. *Infocision Mang't Corp. v. Found. for Moral Law, Inc.*, 2010 WL 4365514, at *9 (N.D. Ohio 2010); *Ruhl v. Ohio Dep't of Health*, 2016 WL 5869828, at *4 (N.D. Ohio 2016).

### *Controlling Question of Law*

At issue here is whether the case was properly removed to federal court under the federal officer removal statute (Doc. 20). It is clear the applicability of the statute -- and whether this case is properly in federal or state court -- is a controlling question of law. As noted by Plaintiff, this Court held in *Deutsche Bank Nat. Trust Co. v. Weickert*, that "clearly the issue of federal subject-matter jurisdiction would materially affect the final disposition of the case." 638 F. Supp. 2d 826, 831 (N.D.Ohio 2009) (Zouhary, J.). Neither party has provided evidence that would contest this determination. Plaintiff has therefore satisfied the first factor.

### *Substantial Ground for Difference of Opinion*

For interlocutory appeal to be appropriate there must also be "substantial ground for difference of opinion." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Plaintiff argues that there is a novel issue deserving interlocutory review, citing the recent Sixth Circuit case *In re Trump* for the proposition that certification is proper where "fair-minded jurists might reach contradictory conclusions," and "a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." 874 F.3d 948, 952 (6th Cir. 2017). Plaintiff correctly points out that this Court noted in our Order denying Plaintiff's Motion to Remand, "the Sixth Circuit has not addressed the issue in a like case" (Doc. 18 at 1). This alone, however, is not enough. Unlike the Sixth Circuit precedent which has found interlocutory review to be proper, here there is no circuit split or unclarity in the law. Not every application of law to a factually unique case

is worthy of certification for appeal, "[o]therwise, any issue resolved at the motion to dismiss stage could be reduced to a unique question suitable for certification." *In re Flint Water Cases*, 2018 WL 10467299, at *3 (E.D. Mich. 2018).

In *UPMC* -- a case with substantially similar factual and legal issues to our own -- the court found that even though the case presented "an issue of first impression, that by itself is not enough to certify the Court's Opinion and Order for interlocutory appeal . . . Perhaps not every boundary has been delineated, but there is sufficient controlling authority to guide the Court's application of the law to the facts presented by this case." *Doe I v. UPMC*, 2020 WL 5742685, at *3 (W.D. Pa. 2020). So too here, the Supreme Court and the Sixth Circuit have interpreted and provided a clear legal framework for applying the federal officer removal statute. *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152–53 (2007); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010). Every "novel and complex" issue is not sufficient to warrant interlocutory appeal. *UPMC*, 2020 WL 5742685, at *3.

As explained in our Order Denying Remand, the "acting under" and "causal nexus" requirements of the federal officer removal statute are intentionally broad and leave room for discretion to district courts applying it to different factual settings (Doc. 18 at 3–5). In order for removal to be proper under the statute, the party seeking removal must show (1) "it is a 'person' . . . who acted under a federal officer" [the acting under requirement]; (2) "it performed the actions for which it is being sued under color of federal office" [the causal nexus requirement]; and (3) "it raised a colorable federal defense." *Bennett*, 607 F.3d at 1085; 28 U.S.C. § 1442(a)(1). Plaintiff argues that this Court's Order Denying Plaintiff's Motion for Remand conflicts with the Sixth Circuit's opinion in *Mays v. City of Flint*, 871 F.3d 437, 445 (6th Cir. 2017) on three primary grounds. First, Plaintiff notes that *Mays* states "removal statutes are to be strictly construed, and all doubts should be resolved against removal." *Id.* at 442. This is true of removal statutes generally; however, in *Watson*, the

3

Supreme Court held that the term "acting under" is "broad, and the statute must be liberally construed." 127 S. Ct. 2301, 2302 (2007) (quotation marks omitted). This Court's decision was made with both principles in mind (Doc. 18 at 3).

Second, Plaintiff argues that removal under the statute requires some proof of a "contract or other delegation of legal authority." *Mays*, 871 F.3d at 445. But the statute is not that strict. *Watson* held that "the word 'under' must refer to what has been described as a relationship that involves 'acting in a certain capacity, considered in relation to one holding a superior position or office.'" 551 U.S. at 151 (citations omitted). That relationship "typically involves 'subjection, guidance, or control'" and must involve "an effort to *assist*, or to help *carry out*, the duties or tasks of the federal supervisor" (*id.* at 151–152) (citations omitted). Further, Congress pointedly made the scope of the federal officer removal statute *broader* in revisions made to the statute in 2011. 28 U.S.C. § 1442(a). Specifically, the "related to" language was added to the causal nexus requirement. *See Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 291–92 (5th Cir. 2020) (en banc) ("Congress broadened federal officer removal to actions, not just *causally* connected, but alternatively *connected or associated*, with acts under color of federal office."). This Court does not believe the Sixth Circuit has read in a requirement for a formal contract relationship that is plainly not present in either the text of the statute or the Supreme Court's interpretation of the statute in *Watson*.

Finally, Plaintiff notes another discrepancy between *UPMC* and *Mays*, noting the former held "any dispute about whether the allegedly wrongful conduct was outside the scope of the private entity's duties is the very thing that should be left to a federal court to decide," *UPMC*, 2020 WL 4381675, at *4, while the latter held that "a government contractor would not ordinarily have any authority to take actions beyond those specified in the contract." *Mays*, 871 F.3d at 445. This distinction is irrelevant. As explained above, there is plainly no requirement for a formal contract

4

relationship in the statute. The facts in *Mays* (deciding whether state environmental officers could remove under the statute for actions taken under state law), are distinguishable from the facts in this case (where Defendant created an electronic-health-record patient portal as part of its participation in a federal program). *Mays*, 871 F.3d at 445. There is no conflict between how the federal officer removal statute was applied to the unique facts in this case and the Sixth Circuit's decision in *Mays*. As noted by Defendant, other Sixth Circuit opinions cited by Plaintiff are likewise easily distinguishable on the facts (Doc. 23 at 5–6). This Court's application of the law to a new factual scenario does not create "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The second factor is not satisfied.

### *Materially Advance the Ultimate Termination of the Litigation*

Since the "substantial ground for difference of opinion" factor has not been satisfied, we need not reach the third prong -- "if immediately appealed would it materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, here, a reversal of this Court's decision would merely result in a remand to state court. Only if this case advances to trial would there be a significant waste of resources if remand is determined to be appropriate at a later time. While some time and resources may be expended in the interim if the case is ultimately remanded, those efforts (*e.g.,* disclosures, paper discovery, depositions) would not be wasted, but rather could still be transferred and useful in state court litigation. *See, e.g.*, *Terry v. J.D. Street & Co., Inc.*, 2010 WL 11706839, at *1 (E.D. Mo. 2010) ("[Even if remanded on appeal] the litigation would still occur from the same point at which it currently stands; it would just proceed in state, rather than federal, court"); *UPMC*, 2020 WL 5742685, at *4 (where "an immediate appeal of Plaintiffs' Motion to Remand would further drag out litigation" given that "only merits litigation would be re-tried in state court").

Likewise, there are no convincing facts to suggest that certifying interlocutory appeal here will materially advance the ultimate termination of the litigation. To the contrary, awaiting the outcome of an interlocutory appeal at this stage might needlessly draw out the pending litigation in this Court.

## CONCLUSION

Plaintiff has not satisfied all three Section 1292(b) factors. Therefore, Plaintiff's Motion for Certification (Doc. 20) is denied.

IT IS SO ORDERED.

              s/ *Jack Zouhary*
              JACK ZOUHARY
              U.S. DISTRICT JUDGE

              December 14, 2020